# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DAVID C. ZIMMERMANN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:04-CV-979 CAS |
| ) | |
| J & S COMPANIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This ERISA matter is before the Court on plaintiffs' motion for summary judgment. The remaining defendant has not filed a response. The Court will grant the motion for the reasons set forth below.

Plaintiffs filed suit against defendants J & S Companies, Inc. and J & S Companies of Delaware, Inc. for payment of unpaid fringe benefits contributions, union dues, interest, liquidated damages, attorneys' fees and costs. Plaintiffs are multi-employer pension and welfare benefit plans and industry funds. Defendant J & S Companies filed an Answer; defendant J & S Companies of Delaware, Inc. did not. Plaintiffs moved for default judgment against defendant J & S Companies of Delaware, Inc. This Court granted the motion on November 23, 2004.

Plaintiffs now seek summary judgment against Defendant J & S Companies, Inc., ("defendant" or J & S") seeking $40,009.33 in unpaid fringe benefits contributions, $15,853.46 in interest and liquidated damages on those contributions, and $3,551.96 in attorneys' fees and costs, plus continuing interest on the unpaid contributions, pursuant to 29 U.S.C. §1132 (g)(2)(C)(i) and 26 U.S.C. §6621,

until they are paid, and post-judgment attorneys' fees and costs incurred in collection. In support of their motion, plaintiffs submitted, *inter alia*, plaintiffs' request for admissions; the affidavit of Sharon Ahillen, Administrator for the Sheet Metal Workers' Local 36 Employee Benefit Funds; the affidavit of Christopher Grant, counsel for plaintiffs; the Collective Bargaining Agreement ("CBA"); and employee hourly reports.

**I.     BACKGROUND**.

Plaintiffs are Trustees and "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

Defendant, J & S Companies, Inc., ("J & S" or "Defendant") is a corporation duly organized and existing under the laws of the State of Missouri. It is engaged in the sheet metal construction business with its principal place of business located at 902 Cherokee Street, St. Louis, Missouri 63118. Defendant's 2003 Annual Registration Report lists Kevin H. Boles as President. (Compl. ¶ 6; Answer ¶ 6.) J & S is an employer within the meaning of Section 301 of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). (Compl. ¶ 8; Answer ¶ 8.)

Plaintiffs David C. Zimmermann, Henry Spitzmiller, Harold Wisely, Jr., Michael Corrigan, John Goldkamp and George L. Welsch, are Trustees of the Welfare Fund and control and manage the operation and administration of the Welfare Fund. The Welfare Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), with its administrative office located at 301 South Ewing, St. Louis, Missouri 63103. The Welfare Fund is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. (Compl. ¶¶ 3, 5; Answer ¶¶ 3, 5.)

2

Plaintiffs David C. Zimmermann, Henry Spitzmiller, Harold Wisely, Jr., Michael Corrigan, John Goldkamp, and George L. Welsch, are Trustees of the Pension Fund and control and manage the operation and administration of the Pension Fund. The Pension Fund is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), with its administrative office located at 301 South Ewing, St. Louis, Missouri 63103. The Pension Fund is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. (Compl. ¶¶ 17-18; Answer ¶¶ 17-18.)

Plaintiffs David C. Zimmermann, Thomas Leonard, Don Partney, Jr., and Daniel Caldwell are Trustees of the Vacation Fund and control and manage the operation and administration of the Vacation Fund. The Vacation Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), with its administrative office located at 301 South Ewing, St. Louis, Missouri 63103. The Vacation Fund is a multi-employer plan as defined by Section 515 of ERISA, 29 U.S.C. § 1145. (Compl. ¶¶ 23-24; Answer ¶¶ 23-24.)

Plaintiffs David C. Zimmermann, Henry Spitzmiller, Ralph Birk, Daniel Durphy, Larry Lee, and William Meeh are Trustees of the Apprenticeship Fund and control and manage the operation and administration of the Apprenticeship Fund. The Apprenticeship Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), with its administrative office located at 301 South Ewing, St. Louis, Missouri 63103. The Apprenticeship Fund is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. (Compl. ¶¶ 29-30; Answer ¶¶ 29-30.)

Plaintiffs David C. Zimmermann, Henry Spitzmiller, Henry Bauman, Daniel Durphy, John F. Goldkamp and William Meeh are Trustees of the 401(k) Plan and control and manage the operation

and administration of the 401(k) Plan. The 401(k) Plan is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), with its administrative office located at 301 South Ewing, St. Louis, Missouri 63103. The 401(k) Plan is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. (Compl. ¶¶ 35-36; Answer ¶¶ 35-36.)

Plaintiff Local 36 Sheet Metal Workers International Association, AFL-CIO, ("Local 36") is a voluntary unincorporated association with its principal office in the City of St. Louis, Missouri. Local 36 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment and for other purposes. It is a labor organization in an industry affecting commerce within the meaning of the LMRA. Local 36 administers the EOPR Fund. (Compl. ¶¶ 2, 43; Answer ¶¶ 2, 43.)

The Industry Fund is a Missouri Corporation with its offices at 10405 Liberty, St. Louis, Missouri. The Fund is an industry promotion fund. (Compl. ¶ 47; Answer ¶ 47; Ex. 1 ¶ 28.)

On July 14, 2003, Kevin H. Boles, J & S President, signed an "Acceptance of Agreement" for J & S Companies binding the Company to the terms of the St. Louis Chapter of Sheet Metal and Air Conditioning Contractors National Association Labor Agreement with Local 36. The Labor Agreement is effective September 1, 2001 through July 31, 2006. (Ex. 4, Acceptance of Agreement; Ex. 5 Labor Agreement.) (Compl. ¶ 9; Answer ¶ 9.)

During all times material herein, J & S has been obligated by the provisions of the Labor Agreement to file reports and pay monthly contributions to the Welfare Fund at the rates set forth in the Agreement for the benefit of eligible bargaining unit employees who are covered under the Labor Agreement. (Ex. 5 at Article VIII, §§ 7(A), 17(A) & 22(A); Compl. ¶ 11; Answer ¶ 11.)

During all times material herein, J &S has been obligated by the provisions of the Labor

4

Agreement to file reports and pay monthly contributions to the Pension Fund at the rates set forth in the Agreement for the benefit of eligible bargaining unit employees, who are covered under the Labor Agreement. (Ex. 5 at Article VIII, § 17 & 22(A); Compl. ¶ 19; Answer ¶ 19.)

During all times material herein, J & S has been obligated by the provisions of the Labor Agreement to file reports and pay monthly contributions to the Vacation Fund at the rates set forth in the Agreement for the benefit of eligible bargaining unit employees who are covered under the Labor Agreement. (Ex. 5 at Article VIII, § 16 & 22(A); Compl. ¶ 25; Answer ¶ 25.)

During all times material herein, J & S has been obligated by the provisions of the Labor Agreement to file reports and pay monthly contributions to the Apprenticeship Fund at the rates set forth in the Agreement for the benefit of eligible bargaining unit employees who are covered under the Labor Agreement. (Ex. 5 at Article VIII, §§ 15 & 22(A); Compl. ¶ 31; Answer ¶ 31.)

During all times material herein, J & S has been obligated by the provisions of the Labor Agreement to file reports and pay monthly contributions to the 401(k) Plan at the rates set forth in the Agreement for the benefit of eligible bargaining unit employees who are covered under the Labor Agreement. (Ex. 5 at Article VIII, § 18(B) & 22(A); Compl. ¶ 37; Answer ¶ 37.)

Under the Labor Agreement, J & S is obligated to withhold union dues (also referred to as contributions to the Education, Building and Public Relations Fund or "EOPR Fund") from the paychecks of covered employees at the rates set forth in the Agreement and forward said sums every month together with a summary of hours worked during that month to the Administrator of the Funds. (Ex. 4 at Article VIII, § 18 & 22(A); Compl. ¶ 41; Answer ¶ 41.)

The Labor Agreement effective between J &S and Local 36 provides that employers shall pay monthly contributions to the Industry Fund (IFUS and PRIDE) of $.24 per hour for each hour

worked by employees of the Employers. Payment is due by the by the 20th day of the succeeding month. (Ex. 5 at Article VIII, § 12(B) & 22(A).) These contributions may be used to promote programs of industry education, training, negotiation and administration of collective bargaining agreements ("CBA"), research and promotion, such programs serving to expand the market for the services of the sheet metal industry, improve the technical and skills of employers, stabilize and improve Employer-Union relations and promote, support and improve the employment opportunities for employees. (Ex. 1 ¶ 28.)

The Trustees of the Funds have established liquidated damages and interest to be applied to any contribution that is not paid when due. The liquidated damage amount is $100 and interest is 1 ½ percent for each month or part of a month that the contribution is unpaid. (Ex. 1 ¶ 11; Ex. 5 at Article VIII, § 22(C).)

Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), and/or the Labor Agreement (and Trust Agreements and Declaration of Trusts incorporated by reference therein), Defendant is obligated to pay all attorneys' fees and costs incurred by the Funds in collecting contributions. (Compl. ¶ 14; Answer ¶ 14.)

Defendant filed a report for May 2004 correctly showing the total number of hours worked by, the gross pay earned by, the voluntary 401(k) deductions, and contributions owed on Defendants' bargaining unit employees in that month. (Ex. 6, Defendant's May 2004 report; Ex. 3 ¶¶ 1-2.) Based on that report, Defendant owes $17,529.89 in contributions to the Funds for May 2004. (Ex. 1 ¶ 7.) Defendant did not pay any May 2004 contributions to the Funds. (Ex. 3 ¶ 3.)

Defendant filed a report for June 2004 correctly showing the total number of hours worked by, the gross pay earned by, the voluntary 401(k) deductions, and contributions owed on Defendants'

6

bargaining unit employees in that month. (Ex. 7, Defendant's June 2004 report. (Ex. 3 ¶¶ 4-5.) Based on that report, Defendant owes $13,822.76 in contributions to the Funds for June 2004. (Ex. 1 ¶ 7.) Defendant did not pay any June 2004 contributions to the Funds. (Ex. 3 ¶ 6.)

Defendant filed a report for July 2004 correctly showing the total number of hours worked by, the gross pay earned by, the voluntary 401(k) deductions, and contributions owed on Defendants' bargaining unit employees in that month. (Ex. 8, Defendant's July 2004 report. (Ex. 3 ¶¶ 7-8.) Based on the report, Defendant owes $6,904.75 in contributions to the Funds for July 2004. (Ex. 1 ¶ 7.) Defendant did not pay any July 2004 contributions to the Funds. (Ex. 3 ¶ 9.)

All employees listed on Defendant's reports are sheet metal worker bargaining unit employees. (Compl. ¶ 10; Answer ¶ 10; Ex. 3 ¶¶ 2, 5, 8, 10.)

Defendant did not file a report for August 2004. (Ex. 1 ¶ 8.) Defendant employed at least one sheet metal worker bargaining unit employee, Joseph Evans, in August 2004. (Ex. 9, paychecks given to Evans showing the total hours worked and total gross pay in August 2004. (Ex. 3 ¶ 10.) Based on information in those checks, Defendant owes $1,751.93 in contributions to the Funds for August 2004. (Ex. 1 ¶ 10.) Defendant did not pay August 2004 contributions to the Funds. (Ex. 3 ¶ 11.)

Defendant owes $15,853.46 in interest and liquidated damages on its unpaid contributions from May through August 2004. (Ex. 1 ¶¶ 15, 18, 21, 24, 27, 30, 32; Ex. 10.) Defendant owes $3,551.96 in costs and attorneys' fees incurred by the Funds in conjunction with collecting the above amounts. (Ex. 2 ¶ 13; Ex. 11; Ex. 12.)

In its Answer, J & S admitted (1) that Plaintiffs are lawful benefit plans under ERISA; (2) that Defendant is an employer under ERISA; (3) that Defendant is bound by a CBA obligating it to pay

monthly fringe benefit contributions to Plaintiffs; (4) that Defendant employed bargaining unit employees; and (5) that Defendant is obligated to pay Plaintiffs' attorneys' fees and costs. Moreover, Defendant admitted, by failing to respond to Plaintiffs' Requests for Admission, that it filed remittance reports showing employee hours worked, wages earned, and contributions owed for three months in question, May, June, and July 2004, and admitted that it never paid contributions for these months. For August 2004, the month where Defendant failed to file a report, calculation of how much Defendant owes is determined by applying the Labor Agreement's accepted formula to the wages and hours recorded in the affected employee's paychecks.

## II. DISCUSSION

This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Board of Education, Island Trees v. Pico, 457 U.S. 853, 863 (1982). The moving party must initially demonstrate the absence of an issue for trial. Celotex Corp., 477 U.S. at 323. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. Board of Education v. Pico, 457 U.S. at 863. Nevertheless, once a motion is properly made and supported, the non-moving party may not rest upon the allegations in his pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Fed. R. Civ. P. 56(e); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322-24.

8

The Court is mindful that the absence of a response to a dispositive motion does not relieve it of its duty to consider the motion on the merits. See Country Club Estates, L.L.C. v. Town of Loma Linda, No. 213 F.3d 1001, 1006 (8th Cir. 2000). Moreover, Rule 36(b) states that "[a]ny matter admitted under this rule is conclusively established unless the court *on motion* permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b) (emphasis added).

The issues before the Court are whether Defendant owes interest and liquidated damages on its unpaid contributions and whether Defendant is liable. Under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 & 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, employers are liable for interest and liquidated damages on unpaid contributions, and liable for unpaid contributions.

Plaintiffs are duly authorized to bring suit against defendant for unpaid contributions. Plaintiffs are (1) Trustees of the Sheet Metal Local 36 Welfare Fund, Trustees of the Sheet Metal Local 36 Pension Fund, Trustees of the Sheet Metal Local 36 Vacation Fund, Trustees of the St. Louis Sheet Metal Joint Apprenticeship and Training Fund, and Trustees of the Sheet Metal Workers' Local 36 401(K) Plan, all multi-employer plans within the meaning of Sections 3(37)(A) and 515 of ERISA, as amended, 29 U.S.C. §§ 1002(37)(A) and 1145; (2) Trustees of the St. Louis Metal Working Industry Fund, a fund not covered by ERISA that is a third-party beneficiary of the CBA between Local 36 Sheet Metal Workers International Association, AFL-CIO ("Local 36") and Defendant; and, (3) Local 36; (collectively "the Funds").

The Welfare, Vacation, and Apprenticeship Funds are "employee welfare benefits funds" as defined by Section 3(1) of ERISA, 29 U.S.C. § 1002(1). (Facts ¶¶ 3, 5, 6.) The Pension Fund is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). (Facts

¶ 4.) The 401(k) Plan is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). (Facts ¶ 7.) All of these Funds are all multi-employer plans within the meaning of Section 3(37) (A) and Section 515 of ERISA. (Facts ¶¶ 3-7.) They are established as written trusts, and are authorized to bring this action as fiduciaries, as defined in ERISA, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). See <u>NLRB v. Amax Coal Co.</u>, 453 U.S. 322, 329 (1981); <u>Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.</u>, 920 F.2d 1491, 1493 (9th Cir. 1990), <u>cert. denied</u>, 501 U.S. 1232 (1991). The Trustees of these Funds have been duly appointed to manage and control the administration of the Funds and to collect delinquent contributions owed by signatory employers. (Ex. 1 – Ahillen Aff. ¶ 3.)

St. Louis Metal Working Industry Fund is an industry fund whose Trustees are authorized to bring suit under § 301 of the LMRA, 29 U.S.C. § 185, as third party beneficiaries to the Labor Agreement. (Facts ¶ 9.) Local 36 is a labor organization within the meaning of § 301 of the LMRA, and is entitled to enforce the terms of the Agreement under section 301, including the payment of working dues. (Facts ¶ 8.) Defendant J & S Companies, Inc., is an employer within the meaning of Section 3(5) of the ERISA and Section 301 of the LMRA. (Facts ¶ 2.)

Defendant is liable for unpaid contributions for May through August 2004. Defendant admitted in its Answer that it signed a letter of assent binding it to the Labor Agreement. (Facts ¶¶ 10-11.) Defendant also admitted that under that Agreement and the various Trust Fund Agreements incorporated therein, it is obligated to file monthly remittance reports showing the hours worked and wages paid to employees and to pay monthly contributions and union dues to the Funds and Local 36. (Facts ¶¶ 11-17.) Defendant also admitted that all times it employed bargaining unit employees. (Facts ¶¶ 29, 31.)

10

An employer which is party to a valid and binding labor agreement, obligating it to make monthly contributions to trust funds for bargaining unit employees, is liable for all unpaid contributions. 29 U.S.C. §§ 1132 & 1145; Central States, Southeast & Southwest Areas Pension Fund v. Independent Fruit & Produce Co., 919 F.2d 1343 (8th Cir. 1991) (employer obligated to pay contributions when bound by agreement); Berry v. Garza, 919 F.2d 87 (8th Cir. 1991) (employer which knowingly and voluntarily signed a CBA and failed to pay contributions is liable for all unpaid contributions). Therefore, as a matter of law, defendant is liable for all unpaid contributions from May through August 2004.

Based on the remittance reports filed by defendant for the months of May, June, and July 2004, defendant owes $17,529.89, $13,822.76, and $6,904.75 for those months, respectively, in unpaid contributions. (Facts ¶¶ 21, 24, 27.) Defendant calculated these amounts in its reports for each employee that worked that month, and admitted by way of failing to respond to plaintiffs' First Request for Admissions that the amounts in the reports were correct, that it filed these reports with the Funds, and that it did not pay any of the reported contributions to the Funds for these months. (Facts ¶¶ 20-33.) Defendant has admitted these dispositive facts. Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (8th Cir. 1966) (failure to respond to request to admission permits district court to enter summary judgment if the facts as admitted are dispositive).

Based on employee paychecks for August 2004, defendant owes $1,751.93 in unpaid contributions for August 2004. (Facts ¶ 32.) Because defendant did not submit a report for August 2004, plaintiffs are entitled to make a reasonable estimate of amounts owed. The burden then shifts to defendant to show that Plaintiffs' estimate is wrong and prove the exact amount owed. See Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc., 30 F.3d 692, 695-696 (6th Cir.

11

1994); Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 133, 1337-1339 (9th Cir. 1988) (employer liable for contributions on all hours worked where employer did not keep records distinguishing covered from non-covered work); Combs v. King, 764 F.2d 818, 826 (11th Cir. 1985) (summary judgment for employer reversed where employer did not maintain adequate records).

Defendant admitted that it employed Joseph Evans, a sheet metal employee, in August 2004, that it issued paychecks to him, and that the paychecks show the employee's hours and wages. (Facts ¶ 31.) Based on these admitted facts, plaintiffs can reasonably calculate the amounts owed on the employee by applying the Labor Agreement's stated benefit rates to the information in the paychecks. Contributions are a function of hourly rates or percentage of income by hours worked or total wages. (Ex. 1 - Ahillen Aff. ¶¶ 8-10; Ex. 5.) Additionally, it is assumed that all work performed by this employee was work covered by the CBA, as Defendant's reports show the same employee performing sheet metal work from May through July 2004. See Brick Masons Pension Fund, 839 F.2d at 1339 ("Trust Funds are entitled as a matter of law to recover contributions for all hours worked by these 35 masons during the quarter in which they were shown to have performed some covered work . . . ."). The burden then shifts to Defendant to prove the precise amount owed. Given that defendant has already admitted that it is bound by the Agreement, that it employed this employee, and that the hours and wages on his August 2004 paychecks are correct, defendant cannot meet its burden, and plaintiffs are entitled to judgment as a matter of law. In total, for the period of May through August 2004, Defendant owes $40,009.33 in unpaid contributions.

In addition to the unpaid contributions, under both the Labor Agreement, (Ex. 5), and ERISA, the Funds are entitled to (1) interest; (2) liquidated damages in an amount equal to the greater of the

interest or the liquidated damages provided for in the Labor Agreements; (3) attorneys' fees; and (4) costs, on all unpaid contributions. 29 U.S.C. § 1132;[1] <u>Operating Engineers Local 139 Health Benefit Fund v. Gustefon Construction Corp.</u>, 258 F.3d 645 (7th Cir. 2001) (trust funds are entitled to interest, liquidated damages, attorneys' fees and costs on fringe benefit contributions); <u>Carpenters & Joiners Welfare Fund v. Gittleman Corp.</u>, 857 F.2d 476 (8th Cir. 1988) ("unpaid contributions" means contributions not paid at time of filing suit). Defendant has admitted that it owes Plaintiffs' attorneys' fees and costs. (Facts ¶ 19.)

The Labor Agreement and the Trust Agreements incorporated therein set forth rates for interest (1 ½ percent) and liquidated damages ($100) for each month or part of month which contributions are not paid. (Facts ¶ 18.) Based on those formulas, plaintiffs have calculated that defendant owes $6,753.41 in interest and $9,100.05 in liquidated damages for the unpaid reported and estimated contributions from May 2004 through August 2004. (Facts ¶ 34.)

Further, for work solely related this lawsuit, defendant owes $3,551.96 in attorneys' fees and

---

[1] Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –
>     (A)    the unpaid contributions,
>     (B)    interest on the unpaid contributions,
>     (C)    an amount equal to the greater of--
>         (i)    interest on the unpaid contributions, or
>         (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>     (D)    Reasonable attorneys' fees and costs of the action, to be paid by the Defendant, and
>     (E)    For such other legal or equitable relief as the court deems appropriate.
> For the purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the Plan, or, if none, the rate under § 6621 of Title XXVI.

court costs. (Facts ¶ 35.) The Court finds plaintiffs' attorneys' rates are reasonable and that all fees and costs were incurred in seeking to collect unpaid contributions; and, Defendant cannot legitimately contest the amount. Board of Trustees of the Hotel & Restaurant Employees Local 25 v. JPR, Inc., 136 F.3d 794 (D.C. Cir. 1998) (awarding market rate fees).

### III. CONCLUSION

For the foregoing reasons, the Court will enter summary judgment in plaintiffs' favor and against defendant in the amount of $59,414.75, plus continuing interest on the unpaid contributions, pursuant to 29 U.S.C. §1132 (g)(2)(C)(i) and 26 U.S.C. §6621, until they are paid, and post-judgment attorneys' fees and costs incurred in collection.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment is **GRANTED. (Doc. 18.)**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of November, 2005.